UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DE LA CRUZ CARDENAS WENZEL,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:21-cv-00456-EPG<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 23) |

On August 25, 2025, Jonathan Omar Pena, counsel for Plaintiff Maria De La Cruz Cardenas Wenzel ("Plaintiff"), filed a motion for an award of attorney's fees under 42 U.S.C. § 406(b). (ECF No. 23). Plaintiff and the Commissioner of Social Security ("Defendant") were each served with a copy of the motion. (ECF Nos. 25, 26). Plaintiff has not filed any response to the motion. On August 28, 2025, the Commissioner filed a response analyzing the fee request but taking no position on its reasonableness. (ECF No. 27).

For the reasons set forth below, the motion for attorney's fees is granted in the amount of $25,589.00, with counsel reimbursing Plaintiff $7,500 in fees received pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (ECF No. 23, p.2[1]).

**I. BACKGROUND**

Plaintiff filed the complaint in this case on March 18, 2021. (ECF No. 1). The parties

---
[1] The page numbers cited refer to the page numbers indicated by stamped text generated by the CM/ECF system.

consented to this action proceeding before the undersigned. (ECF No. 8). Plaintiff filed a motion for summary judgment (ECF No. 11). After which, the parties filed a joint stipulation for voluntary remand for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (ECF No. 16). On March 1, 2022, the Court entered an order approving the parties' stipulation and entering judgment in favor of Plaintiff. (ECF No. 17). On May 31, 2022, Plaintiff's Counsel filed a motion for attorney fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C.§ 2412(d) (ECF No. 19). On June 2, 2022, the Court entered an order awarding Plaintiff $7,500.00 in EAJA fees. (ECF Nos. 21, 22).

On remand, an administrative hearing was held before the designated Administrative Law Judge ("ALJ"). The ALJ issued a favorable decision for Plaintiff. (ECF No. 23, p. 3). Plaintiff's award of past-due benefits was $102,356.00 and 25%, *i.e.*, $25,589.00, was withheld to pay Plaintiff's counsel. (*Id.*) Plaintiff's Counsel is now seeking an award of the withheld amount of $25,589.00. (ECF No. 23).

## II.  LEGAL STANDARDS

Under the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the [§ 406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the § 406(b) fee award is not paid by the Government, the Commissioner "plays a part in the fee determination resembling that of a trustee for the claimant[]." *Gisbrecht*, 535 U.S. at 798 n. 6. The goal of awarding fees under § 406(b) was to prohibit "exorbitant fees" from being collected by attorneys but also to

provide sufficient fee awards "to encourage adequate representation of claimants." *Crawford*, 586 F.3d at 1149 (internal citations omitted).

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (holding that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (noting that § 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

**III. ANALYSIS**

As an introductory matter, the fee agreement in this action provides as follows:

> …I agree to pay my attorney 25% of Past Due Benefits/Retroactive benefits AWARDED (pre-offset) to me and my family (this includes auxiliary beneficiaries) resulting from my disability claim at the time benefits are awarded.
>
> My attorney has explained to me that it is the law that the attorney fee must be approved by the federal court for representation in federal court and by the Social Security Administration for representation before the Social Security Administration. I understand that the total fee could amount to many thousands of dollars or many hundreds of dollars per hour on an hourly basis; I understand that my attorney is accepting my case because of the possibility of obtaining substantial fees. I agree to cooperate in any way that I can so that my attorney's full fee is authorized. I understand that my attorney may seek the maximum fee

3

>this contract allows under the law. My attorney does not promise to minimize either the attorney fee he receives or that I pay under this contract…

(ECF No. 23-2, p. 1).

The Court has reviewed the itemized time entries provided and found that the recorded amount of 38.90 hours expended by counsel is supported. (ECF No. 23-3). There is no indication that a reduction is warranted due to any substandard performance by counsel and there is no evidence that counsel engaged in any conduct resulting in delay.

Counsel's requested award of $25,589.00 for 38.90 attorney hours results in an approximate hourly rate of $657.81. The Ninth Circuit has found similar and higher effective hourly rates reasonable in social security contingency fee arrangements. *See, e.g., Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part). Furthermore, the requested attorney fees award of $25,589.00 does not exceed 25% of past-due benefits and is not excessive in relation to the past-due benefits awarded. *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12-cv-01030-AWI-SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting § 406(b) attorney fees in the amount of $24,350.00); *Thomas v. Colvin*, No. 1:11-cv-01291-SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) (granting § 406(b) attorney fees in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12-cv-00954-SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting § 406(b) attorney fees in the amount of $20,577.57).

In making this determination, the Court recognizes counsel's assumption of risk in agreeing to represent Plaintiff under a contingency fee agreement. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action fails. *Id.* Here, Plaintiff's counsel accepted the risk of loss in representing Plaintiff throughout this matter, Plaintiff agreed to the contingency fee, and counsel secured a remand and an award of past-due benefits to Plaintiff.

Thus, an award of $25,589.00 for attorney fees pursuant to § 406(b) is appropriate.

However, the award of § 406(b) fees must be offset by any prior award of attorney fees granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Here, Plaintiff was awarded $7,500.00 in EAJA fees. Counsel has agreed to refund these fees. (ECF No. 23, p.2).

## IV.  CONCLUSION

For the reasons stated above, the Court finds that the attorney fees sought by Plaintiff's counsel pursuant to § 406(b) are reasonable. Accordingly, IT IS ORDERED:

1. The motion for attorney fees (ECF No. 23) under 42 U.S.C. § 406(b) in the amount of $25,589.00 is granted.
2. Plaintiff's counsel shall reimburse Plaintiff $7,500.00 for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) upon the receipt of these fees.
3. Plaintiff's counsel is directed to serve a copy of this order on Plaintiff and shall thereafter file a certificate of service on the docket within 7 days of entry of this order.

IT IS SO ORDERED.

Dated:   **August 29, 2025**          /s/ *Erica P. Grosjean*
                                                        UNITED STATES MAGISTRATE JUDGE